IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID N. FIREWALKER-FIELDS,  )  | |
|    Plaintiff,                             )  | Case No. 7:22-cv-00736 |
|                                           )  | |
| v.                                              )  | |
|                                           )  | By: Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF         )  | Chief United States District Judge |
| CORRECTIONS, et al.,             )  | |
|    Defendants.                         )  | |

**MEMORANDUM OPINION**

David N. Firewalker-Fields, a Virginia inmate proceeding pro se, filed this action under the Americans with Disabilities Act ("ADA") against the Virginia Department of Corrections and Augusta Correctional Center. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

**I.  Background**

At all times relevant to this action, Firewalker-Fields was incarcerated at Augusta Correctional Center. In January 2022, he submitted a request to receive a vibrating alarm clock as an accommodation for a hearing impairment. The request was approved by the prison physician and the ADA coordinator, Lynn Graham.

In September 2022, Firewalker-Fields was moved to the facility's Restorative Housing Unit ("RHU"). A few weeks later, a correctional officer retrieved the alarm clock from the personal property department and delivered it to Firewalker-Fields. He was unable to use the alarm clock, however, because his cell did not have functioning electrical outlets.

On October 29, 2022, Firewalker-Fields filed an informal complaint inquiring as to why he was "being denied [his] alert alarm clock." Compl. Ex., ECF No. 1-1, at 4. In response, Graham provided the following explanation:

> Corded electronics are not allowed in Restorative Housing because there are no electrical outlets. I advised Lt. Scott that they would have to provide you with a wake-up service while you are housed in that area.

Id.

Firewalker-Fields then filed a regular grievance alleging that medical devices, such as CPAP machines, are allowed in the RHU. The grievance was deemed unfounded by the Level I respondent. The respondent noted that Firewalker-Fields was not allowed to possess an alarm clock while house in the RHU and that an accommodation was being "made to ensure that [he woke] up for events, such as medication and count times." Id. at 2. The respondent also noted that Firewalker-Fields would be allowed to possess the alarm clock once he was removed from the RHU. Id.

In the instant action, Firewalker-Fields alleges that "Augusta allows medical devices like CPAP machines" in the RHU and that prison officials improperly refused to allow him to use his alarm clock. Compl., ECF No. 1, at 3. He asserts that he "has stated a plausible claim [of] discrimination under Title II of the Americans with Disabilities Act." Id. at 4.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal

for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.   Discussion

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To make out a violation of the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program or activity; and (3) he was denied those benefits, or otherwise discriminated against, based on his disability." Richardson v. Clarke, 52 F.4th 614, 619 (4th Cir. 2022).

Upon review of the complaint, the court concludes that it fails to state a cognizable claim under Title II of the ADA. Even assuming that Firewalker-Fields suffers from a disabling hearing impairment, he has not alleged facts indicating that he was subjected to intentional discrimination on the basis of his disability. See id. ("The ADA permits plaintiffs to pursue three distinct grounds for relief: (1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations."); see also Goodman v. Johnson, 524 F. App'x 887, 890 (4th Cir. 2013) (affirming the dismissal of an inmate's ADA claim where the inmate "failed to allege facts indicating that, due to his disability, he has been deprived of benefits for which he was otherwise qualified"). Nor does he allege that the failure to receive the requested accommodation—a vibrating alarm clock—resulted in him being excluded from programs, services, or activities offered to other inmates. See Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision, 831 F.3d 64, 72 (2d Cir. 2016) (explaining that, in reviewing a reasonable accommodation claim, courts "ask whether a plaintiff with disabilities as a practical matter was denied meaningful access to services, programs or activities to which he or she was legally entitled") (internal quotation marks and citation omitted); Davenport v. Dovgin, 545 F. App'x 535, 538 (7th Cir. 2013) (concluding that the plaintiff's complaint "cannot state a plausible claim for relief because it does not allege what service, program, or activity she believes she was excluded from because of a disability"). Accordingly, the complaint fails to state a plausible claim for relief under Title II of the ADA.

## IV.   Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted. Based on the plaintiff's status as

a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: May 1, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.05.01 15:15:51 -04'00'

Michael F. Urbanski
Chief United States District Judge

5